UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PARTNERS, A TASTEFUL CHOICE COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHAW BAKERS, LLC, a California limited liability company,<br><br>Defendant. | NO. 2:23-cv-1905<br><br>COMPLAINT FOR INJUNCTIVE RELIEF |

This is an action for injunctive relief under 18 U.S.C. § 1836 to bar defendant Shaw Bakers from making any use, directly or indirectly, of trade secrets it improperly obtained from plaintiff Partners.

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Partners, a Tasteful Choice Company, is a Washington corporation.

2. Defendant Shaw Bakers, LLC is a California limited liability company.

3. Venue is proper because the acts complained of occurred in this district.

4. Jurisdiction is proper under 18 U.S.C. § 1836(c).

### II. BACKGROUND

5. Partners makes and distributes high quality crackers, cookies and other baked goods. One of its products is Brazilian Cheese Bread, which it sells in interstate commerce to Trader Joe's. Partners uses a unique production process to make the product which is not

COMPLAINT FOR INJUNCTIVE RELIEF - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

publicly known or available. Over the past several years, Partners has sold millions of dollars of this product to Trader Joe's.

6. Defendant Shaw Bakers manufactures and distributes fresh and frozen breads. Shaw has repeatedly expressed a desire and intent to be the supplier of Brazilian Cheese Bread to Trader Joe's.

7. Shaw has a sister company, Isernios. They share a common majority owner. Greg Arend was an employee of Isernios. Pursuant to a contract between Isernios and Partners, Arend was working as a consultant for Partners.

8. While working as a consultant for Partners, Mr. Arend surreptitiously videotaped Partners' production process for Brazilian Cheese Bread and sent the video to Shaw. In a recent deposition in a different case, Mr. Arend told various lies about his actions. For example, he said he made the videotape to help him understand the "cost accounting" associated with production of the Brazilian Cheese Bread, and it showed him "how many people are on the line." He could not explain why he needed the video given that he could see and count the number of people. Mr. Arend also lied when he said that Partners knew he was making the video and sending it to Shaw. In fact, he had repeatedly been told that Partners had a strict policy against videotaping in its facility because it could reveal proprietary processes. More generally, he had been repeatedly warned about sharing confidential information outside the company.

9. The President of Shaw, Nicolas Bernardi, was similarly evasive in his deposition about the videotape in the other case. He said that "maybe" he asked Mr. Arend for a video "to see how the product was going." He added "I do not recall, but it would be possible, yes."

10. The video was part of a broader pattern of surreptitious communications between Arend and Bernardi. In fact, hoping to avoid detection, they discussed and agreed that they should not use Arend's Partners' email account for their communications.

11. These communications, and the videos, were part of a process by which Shaw wanted to obtain the Trader Joe's Brazilian Cheese Bread contract for itself—an effort that is, on

COMPLAINT FOR INJUNCTIVE RELIEF - 2

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

information and belief, currently ongoing.

III.   **CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS-U.S.C. § 1836**

12.   By obtaining the video and other information concerning the Brazilian Cheese Bread product through the manner described above, Shaw acquired confidential information about the unique production process for Brazilian Cheese Bread which it knew or had reason to know was acquired by improper means, as evidenced by the intentionally surreptitious communications with Arend.  The information acquired had independent economic value from not being generally known to, and not being readily ascertainable by proper means, and was the subject of reasonable efforts to maintain secrecy.  Arend was repeatedly told orally and in writing not to share confidential information.  Partners is entitled to injunctive relief barring Shaw from making any use, directly or indirectly, of any confidential Partner's information for any purpose.

IV.   **PRAYER FOR RELIEF**

Defendant prays for relief as follows:

A.   For an injunction barring Shaw from using, directly or indirectly, information provided to it by Mr. Arend;

B.   An award of Partners' costs and attorneys' fees; and

C.   For such other relief as the Court deems just and proper.

DATED this 12th day of December, 2023.

BYRNES KELLER CROMWELL LLP

By /s/ Paul R. Taylor
Paul R. Taylor WSBA #14851
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Email: ptaylor@byrneskeller.com
*Attorney for Plaintiff Partners, A Tasteful Choice Company*

COMPLAINT FOR INJUNCTIVE RELIEF - 3